UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PELEUS INSURANCE COMPANY,                                               :
                                                                        :
                              Plaintiff,                                :
                                                                        :    24 Civ. 1083 (JPC)
          -v-                                                           :
                                                                        :    ORDER
RUBIN DEVELOPMENT AND CONSTRUCTION,                                     :
INC. *et al.*,                                                          :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff filed the Complaint in this case on February 14, 2024, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332. Dkt. 1 ("Compl.") ¶ 7.[1] The Complaint alleges that Defendant Paul Ashram "was a resident of Bronx, New York and commenced the Underlying Action in Bronx County Supreme Court" and that Defendant 856 Bushwick Avenue Realty LLC ("856") "is a limited liability company established in New York with its principal place of business in Brooklyn, New York." Compl. ¶¶ 4-5.

These allegations do not suffice to establish diversity jurisdiction. As for Ashram, "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). As for 856, a limited liability company ("LLC") takes the citizenship of its members. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Brady v. IGS Realty Co.*, No. 19 Civ. 10142 (PAE), 2020

---

[1] Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, *see* Compl. ¶ 7, but "it is well settled that the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts and, thus, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Norton v. Town of Brookhaven*, No. 22-1015-cv, 2023 WL 3477123, at *3 n.4 (2d Cir. May 16, 2023).

WL 5414683, at *10 (S.D.N.Y. Sept. 8, 2020).  A complaint premised upon diversity of citizenship must therefore allege the citizenship of natural persons who are members of an LLC as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See Handelsman*, 213 F.3d at 51-52; *see, e.g.*, *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).

Accordingly, it is hereby ordered that by February 22, 2024, Plaintiff shall amend its Complaint to allege both Ashram's citizenship and that of each of 826's members, as detailed above.  If Plaintiff fails to amend the Complaint by that date, or otherwise properly establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332, the Court may dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: February 15, 2024
      New York, New York

                                    JOHN P. CRONAN
                             United States District Judge